United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN R. DELGADO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2807 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his guilty plea conviction and nine-year sentence for enticing a child with intent to commit a felony. Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner filed a response (Docket Entry No. 16).

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

## I. PROCEDURAL BACKGROUND AND CLAIMS

Petitioner pleaded guilty to enticing a child with the intent to commit a felony in 2011, and was sentenced to nine years' imprisonment. No direct appeal was taken. Petitioner's application for state habeas relief, filed with the trial court on September 29, 2012, was denied by the Texas Court of Criminal Appeals on August 26, 2015.

Petitioner raises the following grounds for federal habeas relief:

1.     petitioner is actually innocent;

2.     petitioner was denied notice of the amended charge and date;

3.     trial counsel was ineffective in

    a.     failing to investigate complainant's interview;

    b.     failing to advise petitioner of the amended charge and date;

    c.     failing to object at the plea hearing when the judge failed to "read the indictment, failed to spell out the *mens rea* element, or the fatal variance between the indictment and the proof adduced at trial";

    d.     fraudulently inducing petitioner to plead guilty; and

    e.     failing to file a motion to quash the indictment;

4.     petitioner's plea was involuntary and unknowing;

5.     the trial court lacked jurisdiction;

6.     the amended indictment denied petitioner due process;

7.     the evidence is insufficient to support the judgment;

8.     the State committed fraud on the trial court; and

9.     the judgment is void.

Respondent argues that these grounds have no merit and should be dismissed.

## II.  THE APPLICABLE LEGAL STANDARDS

A.    Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.  "It bears repeating that even a strong case for relief does not mean the state court's contrary

3

conclusion was unreasonable." *Richter*, 562 U.S. at 102.  As stated by the Supreme Court

in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be.  As
> amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
> federal court relitigation of claims already rejected in state proceedings.  It
> preserves authority to issue the writ in cases where there is no possibility
> fairminded jurists could disagree that the state court's decision conflicts with
> this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view
> that habeas corpus is a "guard against extreme malfunctions in the state
> criminal justice systems," not a substitute for ordinary error correction through
> appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues.  Under

28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively

unreasonable in light of the evidence presented in the state court proceeding.  *Miller–El v.

Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see

also Miller–El*, 537 U.S. at 330–31.

B.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether

the pleadings, discovery materials, and the summary judgment evidence show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law.  Fed. R. Civ. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

C.    Guilty Plea

In reviewing a guilty plea, the court must consider whether the plea was counseled, and whether the plea was voluntary.  *United States v. Broce*, 488 U.S. 563, 569 (1989).  Any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, petitioner's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz v. Martin*,

5

718 F.2d 1372, 1376–77 (5th Cir. 1983) ("[A] plea of guilty is more than a confession of having acted culpably, it is itself a conviction.").

Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A defendant must have understood the nature and substance of the charges against him; he need not have necessarily understood their technical legal effect. *Id*. at 666.

The "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that he understand the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996). Thus, when "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." *Diaz*, 718 F.2d at 1376–77. Furthermore, "as long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985). Although a defendant's attestation of voluntariness in open court at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373–74 (5th Cir. 1979).

6

"The subsequent presentation of conclusory allegations unsupported by specifics is subject

to summary dismissal[.]" *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III.   STATE HABEAS PROCEEDINGS

In rejecting petitioner's claims on state habeas review, the trial court made the

following findings of fact and conclusions of law:

> The Court has considered the application for writ of habeas corpus, the State's
> Original Answer, and official court records in the above-captioned cause. The
> Court finds that there are no controverted, previously unresolved facts material
> to the legality of the applicant's confinement which require an evidentiary
> hearing and recommends that the habeas relief requested be denied because the
> applicant's instant habeas allegations, even if sworn, are insufficient to
> overcome the State's denials since the allegations fail to meet the burden of
> alleging and proving, by a preponderance of the evidence, facts which, if true,
> entitle him to habeas relief.

*Ex parte Delgado*, p. 293 (citations omitted).  The Texas Court of Criminal Appeals relied

on these findings of fact and conclusions of law in denying habeas relief.  *Id.*, at cover.

### IV.   ACTUAL INNOCENCE

Petitioner claims that he is "actually innocent" of the criminal offense to which he

pleaded guilty.  Free-standing claims of actual innocence do not present a cognizable ground

for federal habeas relief.  *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (holding

that independent claim for federal habeas relief based on actual innocence not cognizable in

federal habeas proceedings); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999) (same).

Although petitioner baldly states that his is not a free standing claim of innocence, his

arguments and the record prove differently.  *See Herrera v. Collins*, 506 U.S. 390, 404–405,

(1993). Regardless, petitioner presents no probative evidence that he is actually innocent of the criminal charges to which he pleaded guilty.

Respondent is entitled to summary judgment dismissal of this claim.

## V. INVOLUNTARY GUILTY PLEA

Petitioner contends that his plea was involuntary and unknowing because it was the "product of misunderstanding, and misrepresentation." In support, he argues that the plea papers included a "3rd degree *mens rea* element," and that the criminal allegations and offense date were amended after he signed them.

In alluding to a "3rd degree *mens rea* element," petitioner is referring to the "intent to commit aggravated sexual assault" language appearing in the plea papers. *Ex parte Delgado*, pp. 316, 323. The record shows that petitioner was initially indicted for aggravated sexual assault of a child, but that the State amended the indictment to charge "enticing a child with intent to commit a felony," specifically, "with intent to commit aggravated sexual assault." Petitioner signed the plea documents reflecting notice of such changes. *Ex parte Delgado*, pp. 318–19. Petitioner's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" reflect his stipulation that he unlawfully and with intent to interfere with the lawful custody of a child under eighteen years of age, knowingly enticed the child from her parent's custody intending to commit against the child the felony offense of aggravated sexual assault. *Id.*, p. 316. The amendments to the date and offense were interlined and handwritten.

In an argument that he raises repeatedly throughout this habeas proceeding, petitioner

8

contends that these changes were made without his knowledge after the original plea papers were signed. However, no probative evidence appears in the record to support petitioner's allegations. His argument is conclusory, unsupported, and insufficient to warrant federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (internal quotations omitted). Petitioner does not establish that his plea was made involuntarily or unknowingly.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VI.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

A voluntary guilty plea waives all non-jurisdictional defects including claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.

10

2000). To show that counsel's representation resulted in an involuntary plea, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that petitioner was prejudiced as a result of counsel's deficiencies. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (noting that *Strickland* applies to cases involving guilty pleas). Under *Hill*, a defendant who pleads guilty can satisfy the "prejudice prong" of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. 474 U.S. at 59.

Petitioner claims that trial counsel was ineffective in the following particulars.

A.    Failing to investigate

Petitioner claims that trial counsel failed to investigate a 2008 police report in which complainant falsely accused him of stalking her on the internet and which otherwise impeached her allegations of sexual abuse. As noted earlier, petitioner pleaded guilty to enticing a child with intent to commit aggravated sexual assault; he did not plead guilty to an actual act of sexual assault.

The Court notes that the investigator hired by trial counsel in this case submitted a written report which mentioned the internet issue and the alleged sexual abuse. *Ex parte Delgado*, pp. 229–237. The record shows that trial counsel was aware of the investigator's written report. *Id.*, pp. 261–262. Consequently, the allegations underlying petitioner's claim of failure to investigate are refuted by the record.

11

Regardless, petitioner waived this claim by virtue of his guilty plea. Petitioner does not establish that counsel's alleged failure to investigate complainant's prior statement for impeachment purposes resulted in an involuntary plea.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.    <u>Failing to advise him of new charge and date</u>

Petitioner asserts that trial counsel failed to inform him of the "mens rea element that elevates it to a 3rd degree" or about the change in the offense date. These allegations, however, are refuted by the plea papers.

Petitioner signed a judicial confession and stipulation in his guilty plea proceedings, in which he stipulated that he had intended to commit the felony offense of aggravated sexual assault against a child. *Ex parte Delgado*, pp. 316, 319. The plea papers also indicated an amended offense date on two different pages. *Id.*, pp. 316–17.

Petitioner again contends that the paperwork was changed after he signed the documents. He again fails to present any probative evidence to support this contention, and his conclusory and speculative assertions are insufficient to warrant federal habeas relief. *See Koch*, 907 F.2d at 530 (holding that mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue).

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.   Failing to object at the plea hearing

Petitioner next claims that trial counsel should have objected at the plea hearing when the trial judge failed to "read the indictment, failed to spell out the *mens rea* element, or the fatal variance between the indictment and the proof adduced at trial."

These assertions raise no grounds for federal habeas relief. The record shows that petitioner waived arraignment, and thus waived any right to have the indictment read aloud in open court. *Ex parte Delgado*, p. 322. Nor was it the trial judge's duty to "spell out" the *mens rea* element for petitioner, *sua sponte*. Trial counsel attested in the plea papers that petitioner signed the papers "after I fully discussed" with him the plea and its consequences. *Id.*, p. 317. Moreover, the plea papers set forth the criminal charge, which included the "intent to commit aggravated sexual assault" language and the offense date. *Id.*, pp. 316–319. The record evinces no fatal variance between the amended indictment and the plea papers. Petitioner's allegations are conclusory, speculative, and unsupported in the record.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*

or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

D.    Fraudulently inducing guilty plea

Petitioner claims that trial counsel misrepresented the facts and led him to believe that he was pleading guilty to a Class B misdemeanor and not a felony. He argues that counsel's misrepresentations constitute fraud that induced petitioner to plead guilty.

No where in the state court record before this Court is it indicated that petitioner was charged with a Class B misdemeanor. All paperwork and plea papers indicated that petitioner was charged with a felony offense. Petitioner again argues that the felony language "[with] intent to commit aggravated sexual assault" was added to the papers after he signed them and pleaded guilty. Petitioner again fails to present probative evidence in support of his allegation. *See Koch*, 907 F.2d at 530.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

E.    Failing to move to quash the indictment

Petitioner alleges that trial counsel should have filed a motion to quash the indictment as "there was no valid complaint to base it on."

14

Petitioner's argument has no basis in Texas state law.  Once a grand jury returns an indictment, there is no need for a complaint; the indictment establishes probable cause.  *See Ex parte Branch*, 555 S.W.2d 380, 381 (Tex. Crim. App. 1977).  Consequently, petitioner fails to show that counsel's motion to quash would have been granted.  Moreover, because petitioner pleaded guilty to the amended indictment, petitioner fails to show actual prejudice. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

The state court rejected petitioner's habeas claims.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VII.   NOTICE OF AMENDED CHARGE AND DATE

Petitioner alleges that he was denied notice that he was pleading guilty to an amended indictment alleging a different statutory offense and to an amended offense date. He states that he was not given the "statutory definition of the amended offense, the element of the 3rd degree offense of enticing a child – attempt to commit a felony against the child – or that the offense date was being amended to a different date or what that date was." Petitioner contends that he would not have pled guilty if he had seen the motion to amend the indictment or the amended indictment because of the inclusion of the "intent to commit a felony" language.

15

Petitioner's allegations are not supported by the record. The State can amend an indictment under Texas law "by actual interlineation; the actual, physical alteration of the face of the charging instrument." *See Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000). In petitioner's case, the indictment was amended by interlineation and included the "intent to commit a felony" language. The amendment language appears in the judicial confession and stipulation document, which petitioner signed at the plea hearing.

Moreover, by alleging that an offense occurred "on or about" a particular date, the State is allowed to prove that the offense occurred on a date other than the one alleged in the indictment, as long as the date is prior to the presentment of the indictment and is within the statutory limitation period. *See Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988). Here, the State amended the indictment charge and offense date with handwritten interlineations, and the document was filed with the trial court pursuant to the trial court's granting of the State's motion to amend. The various plea paperwork documents were modified in the same manner, and signed by petitioner, his counsel, and the trial court, at the hearing.

Petitioner argues, and the Court notes, however, that the first page of petitioner's judicial confession reflects the amended offense date as "on or about Sept. 1, 2007," while the second page reflects the amended offense date as "June 1, 2007." In the indictment and front page of the judicial confession, the offense date was changed by interlineation from June 1, 2004, to September 1, 2007. It appears that the interlineation on the second page of the judicial

16

confession failed to change "June" to "September." The judgment correctly reflects the offense date as September 1, 2007.

It is petitioner's contention that the failure to change "June" to "September" in this single instance requires the setting aside of his conviction and guilty plea. Petitioner does not allege that this single instance in any way confused or mislead him at the time he entered the plea. To the contrary, petitioner apparently did not notice the June 1, 2007, reference until later. Petitioner presents no relevant federal authority showing that this error was fatal to the validity of his guilty plea proceedings. The State argues that there was no fatal variance or jurisdictional defect for purposes of federal habeas review, citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980). In *Branch*, the indictment indicated an offense date of "April 1975," while the proof at trial indicated an offense date of "June 1975." *Id.*, at 1233. In denying relief, the Fifth Circuit Court of Appeals noted that the Texas Court of Criminal Appeals had passed on the sufficiency of the indictment, and concluded that the variance was "not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *See id.*

In denying habeas relief in the instant case, the state court on collateral review rejected petitioner's challenges to the indictment. As a result, the Court cannot reconsider the validity of the indictment under state law. Petitioner fails to demonstrate that the indictment in his case was so defective as to have deprived the trial court of jurisdiction, and federal habeas relief is unwarranted.

17

To the extent petitioner again argues that the paperwork was amended after he signed the documents, his claim is unsupported by any probative evidence in the record. Petitioner's conclusory allegations to the contrary are insufficient to support federal habeas relief. *See Koch*, 907 F.2d at 530.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VIII.   LACK OF JURISDICTION AND DENIAL OF DUE PROCESS

Petitioner claims that the trial court lacked jurisdiction, and that the alleged amendment of the indictment denied him due process. As these two claims are interrelated, they will be discussed as one.

Petitioner claims that the trial court lacked jurisdiction because the indictment was defective due to an improper amendment, which created a fatal variance in the dates and offenses charged. He further claims that the "illegally amended indictment" deprived him of due process.

As discussed earlier, Texas state law allows the State to amend an indictment "by actual interlineation; the actual, physical alteration of the face of the charging instrument." *See Riney*, 28 S.W.3d at 565. The amended indictment becomes the lawful charging instrument. *Id.* at 567. *See also* TEX. CODE CRIM. PROC. art. 28.10 (West 2010) (allowing matters of form or

18

substance to be amended at any time before trial). Again, petitioner presents no probative evidence that the paperwork or plea papers in his case were altered or amended after he had signed them. Petitioner demonstrates no error depriving the trial court of jurisdiction or of any due process violation.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## IX.  INSUFFICIENCY OF THE EVIDENCE

Petitioner argues that there is no evidence to support his conviction and judgment. His argument affords him no basis for habeas relief. By entering a knowing, intelligent and voluntary guilty plea, petitioner waived all non-jurisdictional defects in the proceedings preceding the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (1983). This includes claims of no evidence or insufficient evidence in support of his conviction. *United States v. Broce*, 488 U.S. 563, 569 (1989). Under federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). No federal constitutional issue is raised by the failure of a Texas state court to require evidence of guilt independently corroborating a voluntary plea. *Id. See also Kelley v. Alabama*, 636 F.2d 1082, 1083–84 (5th Cir. 1981) (holding legal sufficiency of the evidence, reviewed under *Jackson v. Virginia*, 443 U.S. 307 (1979), inapplicable to guilty

pleas).  Moreover, petitioner's written stipulation of the facts as alleged in the amended indictment constitutes sufficient record evidence to support the conviction under state law. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  To the extent petitioner again claims that his plea papers were altered after he signed them, he presents no probative evidence to support the claim and habeas relief is unwarranted.

The state court rejected petitioner's habeas claims.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## X.  FRAUD ON COURT

Petitioner asserts that the State committed fraud on the trial court by altering his plea papers after they were signed and later filing the altered papers with the trial court.  As before, petitioner again claims that the State altered the offense date and added the language "with the intent to commit aggravated sexual assault" after petitioner signed the documents.

Petitioner's conclusory allegations are unsupported by any probative evidence in the record, and petitioner fails to rebut the presumption of regularity.  Moreover, the trial court's docket sheet itself indicates that petitioner pleaded guilty to a third degree criminal offense. *Ex parte Delgado*, p. 322.  There is no evidence that the paperwork was altered without the trial court's knowledge.

The state court rejected petitioner's habeas claims.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## XI.  VOID JUDGMENT

Petitioner generally argues that his conviction is void due to all of the errors and constitutional violations raised in this habeas proceeding.  Because petitioner has failed to meet his burden of proof under AEDPA and no errors or constitutional violations have been established, the Court denies this claim.  Respondent is entitled to summary judgment dismissal of petitioner's claim.

## XII.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 23rd day of August, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

21